IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NATHAN JONES, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 4:22-CV-00668- |
| v. § | ALM-CAN |
| § | |
| WILMINGTON SAVINGS FUND § | |
| SOCIETY, FSB, not in its Individual § | |
| Capacity but Solely as Trustee of BCMB1 § | |
| Trust, its/their successors and/or assigns, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Nathan Jones's [Opposed] Motion to Remand to State Court [Dkt. 12]. After considering Plaintiff's Motion, Defendant Wilmington's Response [Dkt. 14], and all other relevant pleadings, the Court recommends that Plaintiff's Motion to Remand be **DENIED**.

**RELEVANT BACKGROUND**

This is a foreclosure case originally commenced on June 6, 2022, by Plaintiff Nathan Jones ("Plaintiff") in the 219th Judicial District Court of Collin County, Texas [Dkt. 12 at 1]. Plaintiff's Original Verified Petition, filed in state court, asserted a single cause of action against Defendant Wilmington Savings Fund Society, FSB, not in its Individual Capacity but solely as Trustee of the MCMB1 Trust ("Wilmington"), a temporary restraining order ("TRO") to prohibit Wilmington from foreclosing on Plaintiff's real property located at 965 Lakeridge Drive, Lavon, Texas 75166 (the "Property") [Dkt. 3 at 3]. On June 7, 2022, Plaintiff filed a First Amended Petition in state court, pleading the foreclosure sale was scheduled to go forward on that same date, June 7, 2022

[Dkt. 4 at 5]. On June 7, 2022, the state court held a hearing on Plaintiff's requested TRO, which the court denied, finding it lacked jurisdiction "to grant the injunctive relief [sought by Plaintiff] pursuant to the provisions of the Order of Dismissal entered by the United States District Court for the Eastern District of Texas in Case Number 4:20-CV-00956-ALM" [Dkt. 10-8 at 2].[1]

The foreclosure sale of the Property proceeded on June 7, 2022; Defendant Wilmington foreclosed on Plaintiff's home and sold the Property to Defendant Jinhong Yang ("Yang"). Thereafter, on June 15, 2022, Wilmington filed a Motion to Dismiss Baseless Cause of Action, seeking dismissal of Plaintiff's suit on the basis that the Court lacked jurisdiction to order the relief requested by Plaintiff [Dkt. 10-8].

On July 6, 2022, Plaintiff filed a Second Amended Verified Petition – the live pleading [Dkt. 16]. Plaintiff's Second Amended Petition adds as a party Defendant Yang, the buyer of the Property, and pleads four causes of action: a request for a declaratory judgment against Yang and Wilmington, breach of contract by Wilmington, violation of the Texas Debt Collection Act against Wilmington, and for an accounting by Wilmington of the foreclosure sale proceeds [Dkt. 16 at 11-15]. Plaintiff seeks a declaration that Wilmington wrongfully foreclosed on the Property, that the Substitute Trustee's Deed should be set aside, the Deed to Yang declared void, and that Yang to be refunded her $415,000 cash bid on the Property [Dkt. 16 at 11-12]. Plaintiff alleges the foreclosure was wrongful because Wilmington failed to provide Plaintiff the required notice of

---

[1] Plaintiff filed his first state court lawsuit on October 29, 2020, against Wilmington in the 219th Judicial District Court in Collin County, Texas, Cause Number 2119- 05711-2020, which Wilmington removed to federal court. *See Jones v. Wilmington Savings Fund, FSB Not in its Individual Capacity but Solely as Trustee of the BCMBI Trust* ("Jones I"), No. 4:20-cv-00956-ALM (E.D. Tex. dismissed Oct. 28, 2021), ECF No. 1. There, Plaintiff similarly alleged Wilmington was about to wrongfully foreclose on the Property. *Id.* ECF No. 3. Plaintiff and Wilmington stipulated to voluntary dismissal of the lawsuit with prejudice to refiling, and the Parties specifically asked the Court to "retain jurisdiction to enforce any future actions between the Plaintiff and the Defendant." *Id.* ECF No. 15. On October 28, 2021, the Court ordered Plaintiff's claims against Wilmington be dismissed with prejudice and further ordered that "this Court retain jurisdiction for any future claims, actions, and causes of action asserted by either of the Parties against the other Party." *Id.* ECF No. 16 at 1-2. Such Order further supports the conclusion reached herein.

REPORT AND RECOMMENDATION – Page 2

default and opportunity to cure and failed to provide the IRS with notice of the impending foreclosure sale given the lien on the Property, each an alleged failure of a condition precedent and a defect in noticing for non-judicial foreclosure as required by Texas Property Code § 51.002(d) [Dkt. 16 at 11-12]. Plaintiff avers the wrongful foreclosure resulted in a grossly inadequate sales price [Dkt. 16 at 12].

Within thirty days of the filing of Plaintiff's Second Amended Verified Petition, Wilmington filed a Notice of Removal, asserting diversity jurisdiction and alleging that Yang was improperly joined [Dkt. 1]. Wilmington filed an Amended Notice of Removal, in response to the Court's Order on Jurisdictional Briefing, on August 31, 2022 [Dkt. 10]. On September 2, 2022, Plaintiff filed the instant Motion to Remand [Dkt. 12]. Plaintiff urges his claim for declaratory relief is a viable state-law claim and Yang is therefore not improperly joined [Dkt. 12 at 6-7]. Wilmington filed a response [Dkt. 14]. Counsel for Yang has appeared in this cause [Dkt. 9].

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). 28 U.S.C. § 1441(a), the general removal statute, allows a defendant to remove a case to the federal district court for the district and division within which the underlying state action is pending, provided that the district court possesses original jurisdiction. District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," *or* over civil actions between citizens of different states and where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332.

"To properly allege diversity jurisdiction under § 1332, the parties need to allege complete

diversity." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). Complete diversity requires "all persons on one side of the controversy [to] be citizens of different states than all persons on the other side." *Id.* (quotation omitted). "For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'" *Id.* (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). "A corporate defendant is a citizen of both its state of incorporation and the state where its principal place of business is located." *Woolsey v. Continental Cas. Co.*, No.3:09-CV-10920O, 2009 WL 10704302, at *1 (N.D. Tex. Oct. 28, 2009) (citing 28 U.S.C. § 1332(c)(1)); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). Where, as here, one of the defendants is a Texas citizen, remand is required unless the resident defendant's citizenship can be disregarded by showing improper joinder. *See Presley v. America First Ins. Co.*, No. H-10-4429, 2011 WL 486231, at *1 (S.D. Tex. Feb. 7, 2011). "On a motion to remand, the burden of persuasion is on the party claiming improper joinder." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219-20 (5th Cir. 2018).

## ANALYSIS

Plaintiff and Wilmington do not dispute diversity of citizenship between Plaintiff, who is a citizen of Texas residing in Denton County, or Wilmington, which is a citizen of Delaware where it is incorporated and has its corporate headquarters [Dkt. 10 at 2]. The Parties also do not dispute that the amount in controversy is met. If this case were solely between Plaintiff and Wilmington, the Court would have subject matter jurisdiction and remand would be improper. There is also no dispute that Plaintiff is not diverse from Yang—both being Texas citizens [Dkt. 16 at 2]. Thus, the sole question presented by the pending remand request is whether Wilmington can satisfy its burden to prove Plaintiff has improperly joined Yang.

The improper joinder doctrine "constitutes a narrow exception to the rule of complete diversity," and permits the Court to inquire whether an in-state defendant was properly joined. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). "Improper joinder occurs when a plaintiff is unable 'to establish a cause of action against the non-diverse party in state court.'" *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1046 (5th Cir. 2021) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). To establish improper joinder, a party must show either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *see also Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009).

The Parties agree that only the second option is at issue here. This test for improper joinder looks to "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). A district court can determine whether a plaintiff has a reasonable basis of recovery by either (a) conducting "a Rule 12(b)(6)-type analysis," or (b) piercing the pleadings and conducting a summary inquiry if plaintiff has misstated or omitted key facts. *Id*. To be clear, "[i]n evaluating a claim of [improper] joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997). "If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants." *Cuevas*, 648 F.3d at 249. Generally, once a

court finds that a defendant has been improperly joined, remand must be denied and all claims against the improperly joined defendant should be dismissed without prejudice for lack of jurisdiction. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 210 (stating district court should have dismissed an improperly joined defendant's claims without prejudice).

In the instant case, Wilmington argues "Yang is not a proper party as she/he had no involvement in any capacity with respect to alleged actions that triggered the filing of the lawsuit and Plaintiff seeks no relief against [Yang]," so there "is no possibility of recovery" by Plaintiff against Yang [Dkt. 10 at 2]. Plaintiff rejoins that because Yang was the purchaser of the Property at the foreclosure sale, Yang "was vested with fee simple title" and "her claim to title is based upon on a wrongful foreclosure sale that was conducted by []Wilmington" [Dkt. 12 at 6]. Plaintiff argues he asserts a viable cause of action against Yang for a declaratory judgment pursuant to Texas Civil Practice & Remedies Code Chapter 37, specifically "declaring that []Yang's claimed right, title, and interest to [the Property] is void, and that []Yang should be refunded her purchase price and divested of her claimed right, title, and interest in" the Property [Dkts. 12 at 6; 10-9 at 11-12]. Wilmington argues in response that "the only real relief sought [by Plaintiff's suit] is the divesting of title of the Property" and a declaratory judgment is not the proper cause of action to adjudicate a title dispute under Texas law, which is limited to a trespass to try title action, thus Plaintiff's live pleading states no viable claim against Yang [Dkt. 14 at 2-3].

Under both Texas and federal law declaratory judgment is merely a procedural mechanism that must be accompanied by an independent legal claim to survive a motion to dismiss. *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018).[2]

---

[2] "'When a declaratory judgment action filed in state court is removed to federal court,' the federal court does not apply the Texas Declaratory Judgment Act"; instead, "courts analyze claims under the federal Declaratory Judgment Act as the '[claim] is, in effect, converted into one brought under the federal [Act].'" *Collins v. Nat'l Football League*,

Accordingly, "[w]hen a claim for declaratory relief is 'merely incidental to the title issues,' the []Declaratory Judgments Act will not supplant a suit to quiet title." *Majanomejia v. Vendor Res. Mgmt.*, No. 6:17-CV-189-RP-JCM, 2017 WL 4685003, at *5 (W.D. Tex. Oct. 18, 2017) (quoting *Sani v. Powell*, 153 S.W.3d 736, 745–46 (Tex. App.—Dallas 2005, pet. denied)) (cleaned up).

Here, the declaratory relief sought from Yang is merely incidental to Plaintiff's claims of wrongful foreclosure against Wilmington. *See Majanomejia*, 2017 WL 4685003, at *5 ("Plaintiffs' claim for declaratory relief is merely incidental to the core substantive dispute, which is the state of the title to Plaintiffs' home."). Indeed, the live petition contains no factual allegations of wrongdoing by Yang, and the only references to Yang are in the description of the Parties, identifying Yang as the foreclosure purchaser, and in the declaratory judgment cause of action. The allegations as to Yang stem entirely from Wilmington's alleged wrongful foreclosure, which does not create a cause of action or remedy against Yang as the foreclosure purchaser. *See Cisneros v. Williams*, No. 1:21-CV-106, 2021 WL 5179980, at *3 (S.D. Tex. Sept. 22, 2021) (citation omitted) (citing *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 594 (Tex. App.—Dallas 2012, no pet.)) ("Cisneros's complaint against Franklin Credit is that it held an invalid foreclosure sale. In cases where a third party purchases a home after an invalid foreclosure sale, the original homeowner is entitled to damages from the foreclosing party rather than the third-party buyer. Accordingly, Cisneros's claim of wrongful foreclosure against Franklin Credit does not create a cause of action – or a remedy – against Williams."), *report and recommendation adopted*, No. 1:21-CV-106, 2021 WL 5178676 (S.D. Tex. Nov. 8, 2021); *Rodriguez v. Bank of*

---

566 F. Supp. 3d 586, 602–03 (E.D. Tex. 2021) (citation omitted) (quoting *Smith v. Select Portfolio Servicing, Inc.*, No. 4:17-CV-753, 2018 WL 6696673, at *15 (E.D. Tex. Dec. 20, 2018)). In this case, the Court would reach the same result under either law because "[b]oth Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." *Val-Com Acquisitions Tr. v. Citimortgage, Inc.*, 421 F. App'x 398, 400 (5th Cir. 2011) (citing *Bauer v. Texas*, 341 F.3d 352, 357-58 (5th Cir. 2003); *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)).

*Am. N.A.*, No. 4:16-CV-194, 2016 WL 4718177, at *6 (S.D. Tex. Aug. 8, 2016) (citing *Gillespie v. BAC Home Loans Servicing, LP*, 2012 WL 1870923, at *6 (N.D. Tex. May 23, 2012)) ("Plaintiffs' allegations are based on Bank of America's actions, not [the foreclosure purchaser's]. Because [the purchaser] was not a party to the [Deed], it is not liable for the alleged wrongful acts of Bank of America simply because it was the third party purchaser at the foreclosure sale."), *report and recommendation adopted*, No. 4:16-CV-194, 2016 WL 4718195 (S.D. Tex. Sept. 8, 2016); *W & L Ventures, Inc. v. E. W. Bank*, No. CIV.A. H-13-00754, 2014 WL 1248151, at *4 (S.D. Tex. Mar. 26, 2014) (citation omitted) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir.1996)) (noting that the Texas Declaratory Judgment Act is remedial only and 'does not create any substantive rights or causes of action.")) (finding no cause of action against the foreclosure purchaser for a declaratory judgment because "[t]hat request is not a claim against [purchaser] Perry Homes but instead a remedy if the plaintiffs recover on the claims they assert against East West Bank. There is no claim asserted against the proposed added [non-diverse] defendant.").

Wilmington argues the proper cause of action in this case is for trespass to try title. A trespass to try title suit is used to clear problems in the chain of title or recover possession of wrongfully withheld land. *See* TEX. PROP. CODE § 22.001. "To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* (internal citation omitted). It is undisputed that Plaintiff's live petition does not plead a trespass

to try title claim against Yang. Plaintiff did not file a reply to Wilmington's Response, and thus has not addressed whether he can or could plead such a claim as to Yang, nor has he sought to further amend. Without a claim for trespass to try title, the Court agrees no possibility exists at present that Plaintiff may prevail on the merits. *See Cisneros*, 2021 WL 5179980, at *3 (finding foreclosure purchaser improperly joined) ("It might be a different case if Cisneros had filed a claim for trespass to try title against Williams to show that he, and not Williams, is the rightful owner of the property. . . . But, at this point, Cisneros has made no substantive claims against Williams, for which reason he has failed to state a claim to relief against Williams."); *Majanomejia*, 2017 WL 4685003, at *5 ("Because Plaintiffs fail to state a claim against VRM for trespass to try title, there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against VRM on their trespass to try title claim. Therefore, VRM was improperly joined in the state district court action.").[3] The Court therefore recommends that Plaintiff's Motion to Remand be denied. *See id.* ("the Court finds that VRM is improperly joined because there is no reasonable basis to predict that Plaintiffs might recover against VRM under either of Plaintiffs' two claims against VRM.

---

[3] To the extent Plaintiff's pleading could be construed as seeking to quiet title, the Court finds Plaintiff does not plead the required elements for such a claim against Yang. "A suit to quiet title is a request to invoke the court's powers of equity in removing a 'cloud' on the plaintiff's title to the property." *Smitherman*, 727 F. App'x at 790 (citing *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983)). "The elements of a quiet title claim include: '(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable.'" *Villarreal v. Ocwen Loan Servicing, LLC*, No. 2:18-CV-10-AM/CW, 2019 WL 4998694, at *8 (W.D. Tex. Sept. 25, 2019) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)). To prevail, "the plaintiff has the burden of establishing her 'superior equity and right to relief,' relying on the strength of her own title, not the inferiority of the defendants' title." *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). Further, "tender of the amount due under a loan agreement is a requirement to bring a quiet title claim," and failure to allege any of these elements fails to state a claim to quiet title. *See Beam v. Caliber Home Loans, Inc.*, No. 3:19-CV-01201-M-BT, 2020 WL 5868567, at *2 (N.D. Tex. Aug. 27, 2020) (citing *Cook-Bell*, 868 F. Supp. 2d at 591), *report and recommendation adopted as modified sub nom. Beam v. Caliber Home Loans, Inc.*, No. 3:19-CV-01201-M-BT, 2020 WL 5848973 (N.D. Tex. Oct. 1, 2020). In addition, "[t]he Fifth Circuit has repeatedly held that challenges to the validity of an assignment of a deed of trust are not a sufficient basis for a quiet title action under Texas law." *Schaffer v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.*, No. 1:17-CV-297-RP, 2017 WL 6029646, at *11 (W.D. Tex. Dec. 5, 2017) (collecting cases). Because Plaintiff has not pleaded that he has superior title to Yang or that he has tendered the amount due on the loan on the Property, he has not alleged the elements of a cause of action to quiet title. *See Beam*, 2020 WL 5868567, at *3; *Schaffer*, 2017 WL 6029646, at *11.

Therefore, Plaintiffs Motions to Remand must be denied, regardless of VRM's status as a non-diverse party.").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiff Nathan Jones's Motion to Remand to State Court [Dkt. 12] be **DENIED.** The Court finds that Defendant Jinhong Yang was improperly joined in this action and recommends that all of Plaintiff's claims against non-diverse Defendant Jinhong Yang be dismissed without prejudice for lack of jurisdiction.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 11th day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE